UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

"ERIN" and "JANE DOE" as next friend for
Minor "FIONA,"

        Plaintiffs,

v.

CITIZENS INSURANCE COMPANY
OF ILLINOIS,

        Defendant.
_____

Civ. No. 16-cv-02079

**COMPLAINT**

Jury Trial Demanded

    This case involves the failure by an insurance company to live up to its obligations to indemnify and defend their insured against a claim of invasion of privacy, arising from the insured's maintenance of Plaintiffs' child sex abuse images, thereby cheating them of damages they suffered.

    Plaintiffs "Erin" and "Fiona" are proceeding by pseudonyms, and "Fiona", who is still a minor, proceeds through her next friend, Jane Doe, who is also proceeding by a pseudonym. Their attorneys of record Matthew J. Conroy of Schwartz Law, P.C., James R. Marsh of the Marsh Law Firm PLLC and Bruce A. Boyer of the Loyola Civitas Childlaw Clinic, allege for their complaint as follows:

### PARTIES

1. Plaintiff Erin currently resides in the State of Illinois.

2. Minor Plaintiff Fiona and Jane Doe reside outside the State of Illinois.

3. Jane Doe is Fiona's legal guardian and next friend for the purposes of this litigation.

4. Erin and Fiona are pseudonyms for the victims depicted in the child pornography

series known as "BluesPink."

5. The Defendant is, and at all relevant times was, a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 333 West Pierce Road, Itasca, Illinois.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this matter by virtue of 28 U.S.C. § 1332 because Defendant Citizens Insurance Company of Illinois is a citizen of Illinois while Plaintiffs are minors who are not citizens of Illinois.

7. The amount in controversy exceeds the sum of $75,000, insofar as the value of the right being protected and/or the injury being averred exceeds $75,000.

8. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391 because the Defendant is a citizen of the State of Illinois and maintains a principal place of business in the Northern District, Eastern Division and significant events giving rise to the claim occurred in the Northern District, Eastern Division.

9. This Court has jurisdiction over the subject matter of this action by virtue of 28 U.S.C. § 2201(a) for the purpose of deciding an actual controversy between the parties herein.

## FACTUAL BACKGROUND

### THE CITIZENS INSURANCE COMPANY OF ILLINOIS INSURANCE POLICY

10. Defendant Citizens Insurance Company of Illinois ("CICI" or the "Insurer") issued a homeowners insurance policy, bearing policy number H3C A113508 (the "Policy"), for the period September 23, 2013 to September 23, 2014, to Keith

Farnham ("Farnham") as a Named Insured ("the Policy"). The Policy has limits of $1,000,000 per occurrence for Personal Liability. A copy of the relevant portions of the Policy is attached as Exhibit A to this Complaint.

11. At all relevant times, Farnham timely paid all insurance premiums, maintaining the Policy in full force and effect during the relevant period.

12. Coverage E - Personal Liability under the Policy states:

> "[i]f a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" … caused by an "occurrence" to which this coverage applies, we will:
> 1.   Pay up to our limit of liability for the damages for which the "insured" is legally liable …; and
> 2.   Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent…."

13. Further, the Policy contains an Endorsement supplementing the coverage for Personal Liability. (Endorsement no.: HO 24820491). Farnham paid an extra amount in premiums each month to obtain this additional coverage. The Endorsement states:

> For an additional premium, under Coverage E – Personal Liability, the definition of "bodily injury" is amended to include personal injury. "Personal Injury" means injury arising out of one or more of the following offenses:
> 1.   False arrest, detention or imprisonment, or malicious prosecution;
> 2.   Libel, slander or defamation of character; or
> 3.   Invasion of privacy, wrongful eviction or wrongful entry.

14. Thus, the Policy expressly covered any claims against Farnham for "personal injury … arising out of … invasion of privacy".

15. The Policy excluded coverage for "injury caused by a violation of a penal law or ordinance".

16. CICI agreed to pay up to the $2 million policy limits for invasion of privacy claims, and CICI agreed to defend against such claims, "even if … groundless, false or fraudulent".

**FARNHAM'S PLEA OF GUILTY TO TRANSPORTING CHILD SEX ABUSE IMAGES, INCLUDING THOSE OF ERIN AND FIONA**

17. Starting in 2009, for approximately five years, Farnham served in the Illinois House of Representatives.

18. In May 2014, Farnham was charged with violating certain federal criminal child pornography statutes, namely, 18 U.S.C. 2252A(a)(2)(A), 18 U.S.C. 2252A(a)(I), and 18 U.S.C. 2252(A)(a)(5)(B).

19. Farnham was not charged with viewing child pornography, which is not and was not a criminal offense.

20. Farnham viewed the child sex images of Erin and Fiona, as evidenced by the government's analysis of Farnham's computers and electronic storage devices, the Child Victim Identification Program Report which identified Erin's and Fiona's child pornography images, and the Victim Notification System Notices which were issued by the Department of Justice and delivered to Erin and Fiona as victims of Farnham's child pornography crimes.

21. On December 05, 2014, while the Policy was in full force and effect, Farnham pleaded guilty in the United States District Court for the Northern District of Illinois to Count III of the indictment for knowingly transporting child pornography. In his plea agreement, he admitted to possessing images and videos depicting child pornography. He also admitted to using an email address to receive, trade, and

distribute child pornography.

22. Farnham's conduct constituted invasion of Erin and Fiona's privacy.

### ERIN AND FIONA'S CIVIL ACTION AGAINST THE INSURED, AND THE INSURER'S DENIAL OF COVERAGE

23. On February 9, 2016, Erin and Fiona filed a civil action in the United States District Court for the Northern District of Illinois against Farnham, alleging, among other things, invasion of privacy.

24. After being served with the Summons and Complaint by Erin and Fiona, Farnham sent the Summons and Complaint to Defendant CICI for defense and indemnification.

25. By letter dated April 14, 2016, the Insurer denied coverage.

26. The Insurer stated that Erin and Fiona did not sustain "bodily injury" under the Policy. The Insurer did not explain why the Policy's definition of personal injury, which included invasion of privacy, did not apply to Erin and Fiona's claims.

27. The Insurer also claimed that Erin and Fiona were seeking coverage for personal injury caused by a violation of a penal law. In so doing, the Insurer ignored Erin and Fiona's invasion of privacy claim for Farnham's viewing of their sex images, which did not constitute a crime.

28. The Insurer said nothing about why it ignored its obligation to defend the suit, which is required by the Policy.

### FARNHAM'S ADMISSION OF INVASION OF ERIN AND FIONA'S PRIVACY, AND THE ENTRY OF JUDGMENT AGAINST HIM

29. On December 1, 2016, Farnham executed an Affidavit admitting the indisputable – that he traded, distributed and possessed child pornography depicting 'Erin' and 'Fiona' between September 23, 2013 and March 3, 2014, when the Policy was in full force and effect.

30. Farnham also admitted that, during the coverage period, he viewed the child sex abuse images of Erin and Fiona without their consent – which also could not be disputed.

31. Farnham further admitted, "I have invaded the privacy of both 'Erin' and 'Fiona'."

32. In addition, Farnham admitted that he "intentionally intruded upon the solitude and seclusion of the Plaintiffs in their most devastating private affairs and concerns."

33. Farnham acknowledged that his intrusion would be "highly offensive to any reasonable person."

34. Farnham also acknowledged that "no amount of money will ever make these girls whole or restore the innocence and security that they lost…."

35. As compensation for the injuries Erin and Fiona suffered "as a result of my invasion of their privacy", Farnham confessed judgment in the amount of $2 million.

36. On June 18, 2017, Farnham died while an inmate at the Federal Medical Center in Butner, North Carolina.

37. On September 21, 2017, the Court granted a Judgment in the amount of $2,000,000 in favor of the Plaintiffs Erin and Fiona.

38. At all relevant times, the Insurer had the opportunity to participate in, monitor, or ask questions about Erin and Fiona's claims and action against Farnham. At no time after denying coverage did the Insurer do so.

## COUNT ONE
### (Declaratory Judgment that the Plaintiffs' Claims are Covered by the Policy)

39. Erin and Fiona repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

40. As set forth above, Farnham fully complied with all terms and conditions of the Policy.

41. Farnham was covered by the Policy for "Personal Liability" up to $1,000,000 per occurrence.

42. The Policy contained an endorsement that defined "Personal Injury" to mean an injury arising out of invasion of privacy.

43. Farnham paid additional fees for coverage for invasion of privacy claims against him such as those raised in the underlying case.

44. Farnham was sued and a judgment was entered against him for invading the privacy of Plaintiffs Erin and Fiona.

45. The Court in that action entered Judgment in the amount of $2,000,000.00 for such invasion of privacy.

46. Erin and Fiona are entitled to a judgment declaring that their claims are covered by the Policy.

## COUNT TWO
### (Declaratory Judgment that the Defendants Must Defend and Indemnify Plaintiffs)

47. Erin and Fiona repeat and reallege each and every allegation contained in the foregoing paragraphs as if set forth at length herein

48. The Insurer refused and failed to defend and indemnify Farnham despite due demand therefore.

49. Erin and Fiona are therefore entitled to a judgment declaring that the Insurer has the duty and obligation to defend and indemnify them and to pay the judgment of $2,000,000.

**WHEREFORE,** Erin and Fiona demand that the Court adjudge and declare the following:

a) Erin and Fiona's claims are covered by the Policy of Insurance issued by Defendant Insurer to Farnham;

b) The Insurer had a duty to defend and indemnify Farnham and pay the judgment rendered against Farnham in the Underlying Action;

c) Erin and Fiona are entitled to reasonable counsel fees and costs of suit incurred in bringing this action; and

d) Erin and Fiona are entitled to any further relief which the Court deems to be just and equitable.

Dated: June 27, 2018

        MARSH LAW FIRM PLLC
        by __/s/James R. Marsh_____
        James R. Marsh (admission *pro hac vice to be filed*)
        Box 4668 #65135
        New York, New York 10163-4668
        Telephone / Fax: 212-372-3030
        Email: jamesmarsh@marsh.law

        SCHWARTZ LAW P.C.
        By ___/s/ Matthew Conroy_____
        Matthew Conroy (admission *pro hac vice to be filed)*
        666 Old Country Road, 9th Floor
        Garden City, NY 11530
        Email: mjc@schwartzlawpc.com

LOYOLA CIVITAS CHILDLAW CLINIC
by   /s/Bruce A. Boyer
Bruce A. Boyer
Local Counsel
25 E. Pearson Street, Suite 1100
Chicago, Illinois 60611
Telephone: 312-915-7940
Email: bboyer@luc.edu
Attorneys for Jane Doe, Fiona, and Erin