UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |  |
|---|---|---|
| "ERIN" and "JANE DOE" as next friend for Minor "FIONA," | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 18 C 04414 |
| CITIZENS INSURANCE COMPANY OF ILLINOIS, | ) ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Citizens Insurance Company of Illinois' ("Citizens") motion to dismiss Plaintiffs' "Erin" and "Jane Doe" as next friend for minor "Fiona's" (collectively, the "Plaintiffs") first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the motion.

### BACKGROUND

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in the Plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

### A. The Relevant Parties

Defendant Citizens is the homeowner's insurance provider for Keith Farnham ("Farnham"). Citizens' is an Illinois corporation with its principal place of business in Itasca, Illinois. Plaintiff Erin is a Michigan citizen. Minor Plaintiffs Fiona and Jane Doe are Indiana citizens.[1]

### I. The Underlying Action

#### A. Farnham's Criminal Trial

Farnham formerly served in the Illinois House of Representatives from 2009 until 2014. In May 2014, Farnham was charged with violating certain federal criminal child pornography statutes. On December 5, 2014, Farnham was indicted and pled guilty to knowingly transporting child pornography. In his plea agreement, Farnham admitted to possessing images and videos depicting child pornography. These images included sex images of both the Plaintiffs.[2] Farnham also admitted to using an email address to receive, trade, and distribute child pornography.

#### B. The Plaintiffs' Civil Lawsuit

On February 6, 2016, Erin and Fiona filed a civil action in the United States District Court for the Northern District of Illinois, alleging, among other things,

---

[1] Erin and Fiona are pseudonyms for the victims depicted in child pornography. Fiona is still a minor and proceeds through her next friend, Jane Doe, who is also proceeding by a pseudonym.
[2] The Plaintiffs allege that the government initiated an investigation and analyzed Farnham's computers and electronic storage devices, confirming that Farnham viewed the child sex images of the Plaintiffs and that they were victims of Farnham's child pornography crimes.

invasion of privacy. The Plaintiffs allege that Farnham sought defense and indemnification from Citizens for the civil lawsuit, but he was denied coverage. On December 1, 2016, Farnham allegedly executed an affidavit, admitting that he:

> Traded, distributed and possessed child pornography depicting the Plaintiffs;
>
> Viewed the child sex images of the Plaintiffs without their consent;
>
> Intended to invade the privacy of the Plaintiffs
>
> Intentionally intruded upon the solitude and seclusion of the Plaintiffs in their most devastating private affairs and concerns; and
>
> His intrusion would be highly offensive to any reasonable person.

Farnham also confessed in the same affidavit to a $2 million judgment in favor of the Plaintiffs. On June 18, 2017, Farnham died while an inmate at the Federal Medical Center in Butner, North Carolina. On September 21, 2017, the district court entered judgement against Farnham for $2 million. On July 24, 2018, Plaintiffs filed their first amended complaint seeking a declaratory judgment that the homeowners' insurance policy covers the Plaintiffs' claims and that Citizens provide defense and indemnification for the Plaintiffs.

## II. Relationship Between Farnham and Citizens Insurance Company of Illinois as Insurer/Insured

### A. The Citizens Policy

From September 23, 2013 to September 24, 2014, Citizens issued to Farnham a homeowners' insurance policy, No. H3C A113508 (the "Homeowners' Policy"). In relevant part, the Homeowners' Policy states:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> Pay up to our limit of liability for the damages for which [Farnham] is legally liable …

The Homeowners' Policy defines "occurrence" as:

> an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
> a. "Bodily Injury"; or
> b. "Property Damage"

Bodily injury is defined as "bodily harm, sickness or disease, including required care, loss of services, and death that results." By endorsement, "bodily injury" is amended to include "personal injury." "Personal injury" is defined as:

> … injury arising out of one or more of the following offenses.
> 1. False arrest, detention, or imprisonment, or malicious prosecution.
> 2. Libel, slander or defamation of character; or
> 3. Invasion of privacy, wrongful eviction, or wrongful entry.

4

The Homeowners Policy also contains an exclusion which precludes coverage for "personal injury … caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of an 'insured'" (the "Penal Law Exclusion").

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

The parties agree that Illinois law governs this action. Under Illinois law, if policy provisions "are clear and unambiguous there is no need for construction and the provisions will be applied as written." *Wehrle v. Cin. Ins. Co.*, 719 F.3d 840, 843 (7th Cir. 2013) (quoting *U.S. Fire Ins. Co. v. Schnackenberg*, 429 N.E.2d 1203, 1205 (Ill. 1981)). The provisions in a "clear and unambiguous" policy "must be given their plain, ordinary, and popular meaning, and the policy will be applied as written, unless it contravenes public policy." *Id.* (quoting *Rich v. Principal Life Ins. Co.*, 875 N.E.2d 1082, 1090 (Ill. 2007)).

**I.  Whether The Homeowners' Insurance Policy Covers the Plaintiffs' Claims**

We look to the Plaintiffs' argument that the underlying action was covered in the insurance agreement between Farnham and Citizens. Allegations that, having putatively occurred in 2013, would have triggered Citizen's defense obligations under the Homeowners' Policy.

The Plaintiffs contend that its amended complaint is sufficiently pled to trigger Citizen's duty to defend because they alleged a personal injury caused by an occurrence. The Homeowners' Policy applies to "personal injury" that is caused by an "occurrence." "Personal injury" includes an "invasion of privacy" claim. "Occurrence" is defined as "an accident," including "continuous or repeated exposure to substantially the same general harmful conditions."

Citizens argues that the Plaintiff's claims are not sufficiently pled because sexual mistreatment of a minor is not an "occurrence" under the Homeowners' Policy. Moreover, even if the sexual mistreatment of the Plaintiffs constituted a "bodily injury" caused by an "occurrence," the Penal Law Exclusion precludes coverage. We evaluate each argument in turn.

### A. Sexual Mistreatment of a Minor is not an "Occurrence" Under the Homeowners' Policy

Citizens first argues that no coverage should be afforded to the Plaintiffs because sexual mistreatment of a minor is not an "occurrence" under the policy. Specifically, Citizens articulate that because Farnham intentionally harmed the Plaintiffs, there is no "occurrence" which triggers coverage.

The Homeowners' Policy provides coverage for damages because of "personal injury" caused by an "occurrence." "Occurrence" is defined as "an *accident*, including continuous or repeated exposure to substantially the same general harmful conditions." (emphasis added). "Personal injury" includes an invasion of privacy claim.

In Illinois, "an insurance company's obligation to provide … for its insured depends upon the allegations of the complaint and the applicable provisions of the insurance policy." *Hartford Ins. Co. of Illinois v. Kelly*, 309 Ill. App. 3d 800, 804 (1999) (citing *West American Ins. Co. v. Vago*, 197 Ill. App.3d 131, 136 (1990)). "In cases where the underlying claim involves conduct that results in injuries that are either 'expected or intended' by the insured, the insurance company is absolved from liability

7

because it is believed that the insured acted with specific intent to injure or cause harm to a third party." *Id.* (citing *Cowan v. Ins. Co. of North America*, 22 Ill. App. 2d 883, 892-893 (1974) (internal citations omitted).

We find that no coverage is afforded to the Plaintiffs because the bodily harm did not arise from an occurrence. There is an occurrence under the law when it is alleged that the actions of the insured result in injury which was unexpected. *Koehring Co. v. American Automobile Ins. Co.*, 353 F.2d 993 (7th Cir. 1965). Farnham admitted in both his criminal case and civil judgment that he "intentionally intruded upon the solitude and seclusion of the Plaintiffs in their most devastating private affairs and concerns." Indeed, Farnham's actions were intentional and not accidental. *See Hartford Ins. Co. of Illinois v. Kelly*, 309 Ill. App. 3d 800, 806-07 (1st Dist. 1999) (finding that "the parties did not intend to include in the definition of 'occurrence' inappropriate sexual misconduct of a minor. Indeed, the average person purchasing homeowner's insurance would cringe at the very suggestion that [the person] was paying for such coverage. And certainly the person would not want to share that type of risk with other homeowner's policyholders."); *See also Maryland Cas. Co. v. Havey*, 887 F. Supp. 195, 199 (C.D. Ill. 1995) (finding no coverage was owed under two occurrences-based liability policies for sexual allegations against a priest as his "intent to cause bodily harm takes his actions outside the coverage of both [policies].").

The Plaintiffs erroneously contend that their allegations fall under the purview of the Homeowners' Policy because: (1) the amended complaint unequivocally

establishes that Farnham invaded their privacy; and (2) the Homeowners' Policy contains an ambiguity that must be construed against the insurer. Specifically, the Plaintiffs contend that the Homeowners' Policy contains both an exclusion for intentional acts (ie: an alleged "occurrence") and an endorsement specifically providing coverage for the intentional act of invasion of privacy.

Based on our reading of the Homewoners' Policy, we find that no ambiguity exists. The Homeowners' Policy explains that under Coverage E, the "definition 'bodily injury' is amended to include personal injury." Therefore, when we swap the term "personal injury" for "bodily injury" into the language of Coverage E, the policy reads as follows:

> "[i]f a claim is made or a suit is brought against an 'insured' for damages because of ['personal injury'] or 'property damage' caused by an 'occurrence' to which this insurance applies …"

> "Personal injury" means "injuries arising out of … invasion of privacy."

The Homeowners' Policy unambiguously asserts that the policy provides "personal injury" coverage for an "injury arising out of … invasion of privacy …" if caused by an "occurrence." Indeed, the policy unambiguously asserts that the "personal injury" must still be predicated on an "occurrence." Therefore, although Farnham's actions were clearly repugnant and crossed every line of human decency, the Plaintiffs have failed to plausibly allege an "occurrence" under the Homeowners' Policy because the action was not accidental. However, even if the Plaintiffs had plausibly alleged an

9

"occurrence," their claim would still fail because the Penal Law Exclusion precludes coverage.

## B. The Penal Law Exclusion Precludes Coverage

As an independent basis to defeat the underlying action, Citizens relies on the Penal Law Exclusion. The Plaintiffs contend that the Penal Law Exclusion is inapplicable because (1) the judgment against Farnham was civil, and not criminal; and (2) the exclusion is only applicable if the violation as one of the offenses listed in the insuring agreement.

The Penal Law Exclusion excludes coverage where the "personal injury" is "caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of an 'insured.'" We agree with Citizen's contention that the Plaintiffs' injuries (invasion of privacy) were caused by a violation of the penal law (federal child pornography statutes). It is undisputed that "Farnham was charged with, and ultimately pled guilty to knowingly transporting child pornography … possessing images and videos depicting child pornography … [and] using an email address to receive, trade, and distribute child pornography." Based on the plain language of the Penal Law Exclusion, we find the exclusion applicable.

To rescue their claim, the Plaintiffs first argue that the exclusion is inapplicable because the judgment against Farnham was civil, and not criminal. However, the language of the Penal Law Exclusion doesn't support the Plaintiffs' contention that the judgment for which coverage is sought be criminal. Second, the Plaintiffs argue that

the Penal Law Exclusion only applies if the violation is expressly enumerated in the insuring agreement. However, the Penal Law Exclusion fails to articulate any such limitation, and the Plaintiffs do not introduce any case law to support its interpretation. Instead, the language unambiguously precludes coverage for "[i]njury caused by violation of a penal law or ordinance." Accordingly, we find that the Plaintiffs has failed to plausibly allege a claim under the purview of the Homeowners' Policy.

## II. Count II – Duty to Defend and Indemnify

Count II seeks a declaration ordering Citizens to defend and indemnify the civil judgment entered against Farnham. "[T]he duty to indemnify arises if the insured's activity and the resulting loss or damage *actually* fall within the … policy's coverage." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 128 (1992) (emphasis added). Therefore, because the Plaintiffs' allegations do not fall within the purview of the Homeowners' Policy, Count II is dismissed.

## CONCLUSION

For the aforementioned reasons, the Court grants Citizens' motion to dismiss in its entirety. It is so ordered.

_____

Dated: 6/4/2019

Charles P. Kocoras
United States District Judge